UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IOSIF TAMAS,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>CITY OF WOODINVILLE,<br><br>　　　　　　　Defendant. | CASE NO. 2:22-cv-01797-LK<br><br>ORDER DISMISSING COMPLAINT |

　　　This matter comes before the Court sua sponte. On January 10, 2023, Magistrate Judge Brian A. Tsuchida granted pro se Plaintiff Iosif Tamas's application to proceed *in forma pauperis* ("IFP") and recommended that the Court screen his complaint under 28 U.S.C. § 1915(e)(2)(B). Dkt No. 6. A summons has not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue a summons and, for the reasons set forth below, dismisses Mr. Tamas's complaint.

### I.　　BACKGROUND

　　　Mr. Tamas filed three complaints in the month since the inception of this case, Dkt. Nos. 1, 4, 7, and although he did not seek leave to file his "Second Amended Complaint," Dkt. No. 7,

ORDER DISMISSING COMPLAINT - 1

the Court considers its content as well as the allegations in the first two complaints, Dkt. Nos. 1, 4.[1] Notably, Mr. Tamas styles each of his first two complaints as a "Resubmitted complaint per ORDER TO SHOW CAUSE," appears to have attempted to enter those pleadings in a case from 2006 (case number C06-1036RSL), and attaches an excerpt from an August 2, 2006 order to show cause in that case to his Amended Complaint. *See* Dkt. No. 4 at 1–2, 4–5; Dkt. No. 1 at 1. In fact, Mr. Tamas's complaints in this case are identical to the amended complaint he submitted in response to the order to show cause in the 2006 case. *Compare* Dkt. Nos. 1, 4, 7, *with Tamas v. Woodinville Police Dep't*, No. C06-01036-RSL, Dkt. No. 11 (W.D. Wash. Aug. 14, 2006) (the "2006 Complaint").[2] The Honorable Robert S. Lasnik dismissed Mr. Tamas's complaint for failure to state a claim because his "resubmitted complaint did not cure the deficiencies the Court identified in the order to show cause." *Tamas v. Woodinville Police Dep't*, No. C06-01036-RSL, Dkt. No. 18 (the "2006 Dismissal").

## II. DISCUSSION

The district court must dismiss a case where the plaintiff is proceeding IFP "at any time" if it determines that the complaint is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). Section 1915(a) applies to all IFP proceedings, not just

---

[1] Mr. Tamas's Second Amended Complaint is a single-page document that is identical to the second page of his Complaint and the third page of his Amended Complaint. *Compare* Dkt. No. 7, *with* Dkt. No. 1 at 2 *and* Dkt. No. 4 at 3. The Amended Complaint is identical to the Complaint with two exceptions: the Amended Complaint has a duplicate first page, Dkt. No. 4 at 1–2, and it attaches an excerpt of the August 2, 2006 order to show cause, *id.* at 4–5.

[2] In his 2006 Complaint and in his complaints in this case, Mr. Tamas alleges that during criminal proceedings against him in 2005 and 2006, the City of Woodinville violated his constitutional rights under the Sixth, Eighth, and Fourteenth Amendments. 2006 Complaint at 2; Dkt. No. 4 at 3. Mr. Tamas claims that "the Woodinville PD and Prosecutors of said City, (whether immune for suit or not) . . . acted in an unconstitutional manner . . . by unlawfully arresting him without just cause, and further dragging the case through the courts without just cause[.]" 2006 Complaint at 1; Dkt. No. 4 at 2. He seeks to be "reimbursed for the time unconstitutionally spent in prison . . . and the amount of Money [lost] from his previous job as a direct result of being unjustly jailed." 2006 Complaint at 1; Dkt. No. 4 at 2. Mr. Tamas also asks for $300,000 "for the House that the King County Court took from [him]," the "return of custody of his three daughters," and for "the Court to provide relief by expunging [his] criminal record[.]" 2006 Complaint at 1–2; Dkt. No. 4 at 2–3.

those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). In cases brought by pro se plaintiffs, the court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Mr. Tamas's attempt to refile his deficient complaint from 2006 fails. He did not seek reconsideration or appellate review of the 2006 Dismissal, and he cannot do so now. The Court notes that this is not the first time Mr. Tamas has attempted to file a new pleading in a closed case. In 2006, over six months after Judge Robart dismissed a complaint similar to the one filed before Judge Lasnik, *see Tamas v. King County Superior Court*, Case. No. C05-00391-JLR, Dkt. Nos. 1-1, 5, 7 (W.D. Wash. 2005), Mr. Tamas refiled his rejected complaint as a new pleading, *id.* Dkt. No. 10. In response, Judge Robart struck the submission, noting that "[t]he court entered judgment in this case on May 13, 2005 dismissing Plaintiff's claims as frivolous." *Id.* Dkt. No. 11. If anything, Mr. Tamas's refiling of his rejected complaint in this matter is more frivolous than his attempts to revive his meritless complaints in the two prior cases: more than 15 years have passed since Judge Lasnik dismissed the 2006 Complaint.

### III.   CONCLUSION

For the reasons contained herein, the Court DISMISSES Mr. Tamas's complaint.

The Clerk is directed to send a copy of this Order to Mr. Tamas.

Dated this 26th day of January, 2023.

Lauren King
United States District Judge

ORDER DISMISSING COMPLAINT - 3